**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| BOCAR DEME,<br>Petitioner, | Case No. 1:19-cv-106 |
| vs. | Barrett, J.<br>Litkovitz, M.J. |
| SECRETARY, DEPARTMENT.<br>OF HOMELAND SECURITY,<br>Respondent. | **REPORT AND<br>RECOMMENDATION** |

This habeas corpus action brought pro se pursuant to 28 U.S.C. § 2241 is before the Court on the petition (Doc. 1) and respondent's return of writ (Doc. 5), to which petitioner has not responded. For the reasons stated below, it is recommended that the petition be denied.

On February 11, 2019, petitioner filed a petition for habeas corpus challenging his continued detention by the United States Immigration and Customs Enforcement Agency (ICE) pursuant to a final order of removal. (*See* Doc. 1 at PageID 3). Petitioner was taken into ICE custody on or about December 21, 2018. Petitioner argues that his continued detention is unlawful because he has been detained for more than six months with no significant likelihood of his actual removal, in violation of *Zadvydas v. Davis*, 553 U.S. 678 (2001).[1] For relief, petitioner seeks immediate release from custody. (*Id.* at PageID 4).

On March 25, 2019, respondent filed a return of writ in response to the petition. (Doc. 5). According to respondent, petitioner has been released from ICE custody pursuant to an Order of Supervision. In support of the motion, respondent includes the Declaration of Jason Edmister an ICE Deportation Officer. Edmister attests that on March 19, 2019 petitioner was released from ICE custody pending his removal. (Doc. 5, Ex. 1, Edmister Decl. at PageID 30). The Release

---

[1] In *Zadvydas*, the Supreme Court held that indefinite detention of an alien who has been ordered removed was not authorized by 8 U.S.C. § 1231(a) and created a presumptive rule that after six months of custody an alien should be released if there is "good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701.

Notification and Order of Supervision is attached to the Declaration. (*See id.* at PageID 32–34). In light of petitioner's release from custody, respondent contends that the petition should be dismissed as moot.

Article III, § 2 of the United States Constitution limits the federal judicial power to the adjudication of cases and controversies. In the context of a habeas corpus petition, a district court generally lacks jurisdiction over the petition if the petitioner is not in government custody. Therefore, except in limited circumstances not applicable to the case-at-hand,[2] a petitioner's release from custody generally moots a habeas petition. *See Lane v. Williams*, 455 U.S. 624, 631–32 (1982).

Petitioner does not challenge his removal order in this case. He instead contests his indefinite detention pending removal. (*See* Doc. 1). In these circumstances, petitioner's March 19, 2019 release pending removal renders this action moot and deprives the Court of jurisdiction. *See Felix v. Bureau of Immigration and Customs Enforcement*, No. 3:05-cv-2211, 2007 WL 951452, at *1 (M.D. Pa. Mar. 27, 2007) ("When an alien subject to removal challenges only his detention pending removal, his release pending removal, whether or not conditional, entails no collateral consequences. It renders the petition moot because he has received all the relief he sought and would have been entitled to."); *see also Kahn v. Attorney General*, Case Nos. 1:15-cv-2014, 1:16-cv-85, at *2 (N.D. Ohio May 17, 2016) ("As Petitioner has received his requested relief by being released from custody on an order of supervision, there is no longer an active case or controversy.") (Report and Recommendation), *adopted*, 2016 WL 4009885 (N.D. Ohio June 25, 2016); *Willix v. Holder*, No. 1:11-cv-894, 2012 WL 463830, at *1 (W.D. Mich. Jan 24, 2012) (finding habeas petition moot where petitioner seeking release pending removal is released

---

[2] Petitioner has not alleged nor is the undersigned aware of any basis to find that petitioner will suffer future collateral consequences as a result of the detention or that the case is "capable of repetition, yet evading review." *See Spencer v. Kemna*, 523 U.S. 1, 7–8, 17–18 (1998).

2

pursuant to an order of supervision) (Report and Recommendation), *adopted*, 2012 WL 463825 (W.D. Mich. Feb. 13, 2012). Therefore, because petitioner has been released and has obtained the relief requested in the petition, the undersigned recommends that the petition (Doc. 1) be **DENIED as moot**.

    **IT IS SO RECOMMENDED.**

Date: 4/19/19

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BOCAR DEME,
    Petitioner,

vs.

SECRETARY, DEPARTMENT.
OF HOMELAND SECURITY,
    Respondent.

Case No. 1:19-cv-106

Barrett, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).